Terrill LOVE, Plaintiff—Appellant,

v.

PINNACLE NISSAN, INC.; ABC Nissan; Automotive Investment Group, Inc.; and VT, Inc., Defendants—Appellees.

No. 02–15511.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2003.

Submission Vacated May 22, 2003.

Resubmitted June 22, 2004.

Decided June 22, 2004.

598

Stephen G. Montoya, Esq., Phoenix, AZ, for Plaintiffs–Appellants.

Lonnie J. Williams, Jr., Esq., Quarles & Brady Streich Lang LLP, Phoenix, AZ, Laura M. Franze, Esq., Akin Gump Strauss Hauer & Feld LLP, Dallas, TX, for Defendants–Appellees.

Before: HAWKINS and W. FLETCHER, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM **

Terrill Love filed a racial harassment and constructive discharge claim against Pinnacle Nissan under the 1991 amendments to 42 U.S.C. § 1981. The district court dismissed Love's claim under Arizona's two-year statute of limitations for personal injury claims and Love appealed to this court. While submission of the appeal was pending, the Supreme Court decided *Jones v. R.R. Donnelley & Sons,* —— U.S. ——, 124 S.Ct. 1836, —— L.Ed.2d —— (2004), holding that claims for racial harassment and constructive discharge pursuant to a post–1990 amendment to § 1981 are governed by the federal "catch-all" four-year statute of limitations, 28

U.S.C. § 1658, which preempts application of any state law statutes of limitation. —— U.S. at —— – ——, 124 S.Ct. at 1844–46. We accordingly reverse the district court's dismissal of this case and remand for proceedings in accordance with the proper statute of limitations.

REVERSED.

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

